Brendan Judge, Esq.
Agnes Antonian, Esq.
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500
Attorneys for Defendant
Supply Guys, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BERGEN COUNTY RIBBON XCHANGE, LLC, d/b/a THE SUPPLIES GUYS,<br><br>      Plaintiff,<br><br>    v.<br><br>SUPPLY GUYS, INC.,<br><br>      Defendant. | Civil Action No.: 05-4870<br><br><br>**DEFENDANT SUPPLY GUYS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR TRIAL BY JURY TO PLAINTFF'S COMPLAINT** |

Defendant, Supply Guys, Inc. ("SUPPLY GUYS"), respond to Plaintiff's, Bergen County Ribbon Xchange, LLC, d/b/a The Supplies Guys ("BERGEN"), allegations as follows:

1.    SUPPLY GUYS is without information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 1, and therefore denies them.   As to the second sentence of paragraph 1, SUPPLY GUYS admits that it is a Massachusetts corporation, with its principal place of business at 226 Russell Street, Hadley, Massachusetts.

### JURISDICTION AND VENUE

2.    The allegations in paragraph 2 assert a legal conclusion to which no response is required

3.    The allegations in paragraph 3 assert a legal conclusion to which no response is required.

4.    The allegations in paragraph 4 assert a legal conclusion to which no response is required.

1664232-01

**PARTIES**

5.    SUPPLY GUYS is without information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies them.

6.    SUPPLY GUYS admits the allegations in paragraph 6.

**FACTUAL BACKGROUND**

7.    SUPPLY GUYS is without information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies them.

8.    SUPPLY GUYS admits that BERGEN has traded under the name "The Supplies Guys," avers that the use of such name occurred after SUPPLY GUYS began trading under the mark "SUPPLY GUYS", and that BERGEN's use of the name "The Supplies Guys" has been unlawful. SUPPLY GUYS denies the remaining allegations contained in paragraph 8.

9.    SUPPLY   GUYS   admits   that   BERGEN   has   an   Internet   website   at www.suppliesguys.com, avers that the use of such name occurred after SUPPLY GUYS began operating its website at www.supplyguys.com and that such use was unlawful. SUPPLY GUYS denies the remaining allegations contained in paragraph 9.

10.    SUPPLY GUYS admits the allegations contained in paragraph 10 of the Complaint.

11.    SUPPLY GUYS admits that it filed an Application for Registration ("Application") with the United States Patent and Trademark Office ("USPTO") for the trademark "SUPPLY GUYS" on September 17, 1998. SUPPLY GUYS asserts that the Application for Registration attached as Exhibit A to the Complaint speaks for itself.   SUPPLY GUYS specifically denies any allegation contained in paragraph 11 that is inconsistent with this document.

12.    SUPPLY GUYS asserts that the Application for Registration attached as Exhibit A to the Complaint and includes the Declaration of Brian A Zuckerman, President of SUPPLY GUYS,

speaks for itself. SUPPLY GUYS specifically denies any allegation contained in paragraph 12 that is inconsistent with this document.

13.     SUPPLY GUYS admits only that the USPTO requested that it further define the goods to which the mark would apply. SUPPLY GUYS denies any allegation contained in paragraph 13 that is inconsistent with this statement. To the extent that the allegations in paragraph 13 assert a legal conclusion, no response is required.

14.     SUPPLY GUYS admits only that it filed an Amendment to the Application on May 14, 1999. This document speaks for itself. SUPPLY GUYS specifically denies any allegation contained in paragraph 14 that is inconsistent with this document.

15.     SUPPLY GUYS admits that it owns U.S. Trademark Reg. No. 2,900,959 ("the '959 Registration") for the word mark "SUPPLY GUYS", which was issued by the USPTO on November 9, 2004. The '959 Registration, attached as Exhibit B to the Complaint, speaks for itself. SUPPLY GUYS specifically denies any allegation contained in paragraph 15 that is inconsistent with the '959 Registration.

16.     SUPPLY GUYS asserts that the '959 Registration speaks for itself. SUPPLY GUYS specifically denies any allegation contained in paragraph 16 that is inconsistent with the '959 Registration.

17.     SUPPLY GUYS denies the allegations in paragraph 17. To the extent that the allegations in paragraph 17 assert a legal conclusion, no response is required.

## COUNT I

### (FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

18.     SUPPLY GUYS repeats and makes a part hereof its replies to the allegations contained in all prior paragraphs responding to the Complaint.

19.    SUPPLY GUYS denies the allegations in paragraph 19.

20.    SUPPLY GUYS denies the allegations in paragraph 20.

21.    SUPPLY GUYS denies the allegations in paragraph 21.

22.    SUPPLY GUYS denies the allegations in paragraph 22, except to admit that continues to legally and rightfully use its mark "SUPPLY GUYS."

23.    SUPPLY GUYS denies the allegations in paragraph 23.

WHEREFORE, SUPPLY GUYS respectfully demands that the Court deny Plaintiff's request for judgment in its favor and against SUPPLY GUYS pursuant to Section 43 of the Lanham Act, 15 U.S.C. § 1125. Specifically SUPPLY GUYS requests:

a.    That the Court deny BERGEN's request for a preliminary and permanent injunction restraining SUPPLY GUYS, and its officers, agents, and employees and all persons acting in concert with any of them, from engaging in the further use of the name and trademark "SUPPLY GUYS" in connection with the sale of computers, computer accessories and parts, printer and copier inks, supplies and related consumables and as part of its website domain name;

b.    that the Court deny BERGEN's request for compensatory, exemplary damages, attorneys' fees, interest, cost of suit, and any other relief; and

c.    that the Court enter judgment in favor of defendant SUPPLY GUYS on this count and award its costs and attorneys fees in defending against this action and such other relief that the Court deems just and reasonable.

## COUNT II

### (CANCELLATION OF REGISTRATION)

24.    SUPPLY GUYS repeats and makes a part hereof its replies to the allegations contained in all prior paragraphs responding to the Complaint.

25.   SUPPLY GUYS admits that BERGEN has used the words "The Supplies Guys," avers that such use is unlawful, and denies the remaining allegations contained in paragraph 25.

26.   SUPPLY GUYS admits only that it obtained the '959 Registration for the mark "SUPPLY GUYS" on November 9, 2004.  SUPPLY GUYS denies all remaining allegations in paragraph 26.

27.   SUPPLY GUYS denies the allegations in paragraph 27.

28.   SUPPLY GUYS denies the allegations in paragraph 28.

WHEREFORE, SUPPLY GUYS respectfully requests that the Court deny Plaintiff's request for judgment against SUPPLY GUYS, specifically, cancellation of SUPPLY GUYS's registered mark, "SUPPLY GUYS", under the '959 Registration, and attorneys' fees, interest, cost of suit and any other relief. SUPPLY GUYS further requests that the Court enter judgment in its favor on this count and award its costs and attorneys fees in defending against this action and such other relief that the Court deems just and reasonable.

## COUNT III

## (CANCELLATION OF REGISTRATION)

29.   SUPPLY GUYS repeats and makes a part hereof its replies to the allegations contained in all prior paragraphs responding to the Complaint.

30.   SUPPLY GUYS admits that BERGEN has used the words "The Supplies Guys," avers that such use has been unlawful, and denies the remaining allegations contained in paragraph 30 of the Complaint.

31.   SUPPLY GUYS admits only that it obtained the '959 Registration for the mark "SUPPLY GUYS" on November 9, 2004.  SUPPLY GUYS denies all remaining allegations in paragraph 31.

32.   SUPPLY GUYS asserts that the Application speaks for itself. SUPPLY GUYS specifically denies any allegation contained in paragraph 32 that is inconsistent with the Application.

33.   SUPPLY GUYS denies the allegations in paragraph 33.

34.   SUPPLY GUYS denies the allegations in paragraph 34.

WHEREFORE, SUPPLY GUYS respectfully requests that the Court deny Plaintiff's request for judgment against SUPPLY GUYS, specifically, cancellation of SUPPLY GUYS's registered mark, "SUPPLY GUYS", under the '959 Registration, and attorneys' fees, interest, cost of suit and any other relief. SUPPLY GUYS further requests that the Court enter judgment in its favor on this count and award its costs and attorneys fees in defending against this action and such other relief that the Court deems just and reasonable.

## COUNT IV

### (UNFAIR COMPETITION)

35.   SUPPLY GUYS repeats and makes a part hereof its replies to the allegations contained in all prior paragraphs responding to the Complaint.

36.   SUPPLY GUYS denies the allegations in paragraph 36.

37.   SUPPLY GUYS denies the allegations in paragraph 37.

WHEREFORE, SUPPLY GUYS respectfully demands that the Court deny Plaintiff's request for judgment in its favor and against SUPPLY GUYS pursuant to N.J.S.A. 56:4-1 and New Jersey common law.  Specifically SUPPLY GUYS requests:

a.   That the Court deny BERGEN's request for a preliminary and permanent injunction restraining SUPPLY GUYS, and its officers, agents, and employees and all persons acting in concert with any of them, from engaging in the further use of the name and trademark

"SUPPLY GUYS" in connection with the sale of computers, computer accessories and parts, printer and copier inks, supplies and related consumables and as part of its website domain name;

      b.    that the Court deny BERGEN's request for compensatory, exemplary damages, attorneys' fees, interest, cost of suit, and any other relief; and

      c.    that the Court enter judgment in favor of defendant SUPPLY GUYS on this count and award its costs and attorneys fees in defending against this action and such other relief that the Court deems just and reasonable.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim for which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

### THIRD SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Waiver.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by its failure to mitigate damages.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of Avoidable Consequences.

### SIXTH SEPARATE DEFENSE

Damages claims are barred in whole or in part by the Doctrine of Estoppel.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred or diminished by its failure to give SUPPLY GUYS proper notice thereof.

### EIGHTH SEPARATE DEFENSE

SUPPLY GUYS did not engage in any intentional, fraudulent or misleading conduct such as alleged in Count III of the Complaint.

### NINTH SEPARATE DEFENSE

Plaintiff's claims are barred under the Entire Controversy Doctrine.

### TENTH SEPARATE DEFENSE

Plaintiff's actions constitute infringement under the meaning of 15 U.S.C. § 1114(a).

### ELEVENTH SEPARATE DEFENSE

Plaintiff's actions constitute infringement under the meaning of 15 U.S.C. § 1125.

### TWELFTH SEPARATE DEFENSE

Plaintiff falsely designated the origin and description of its mark in violation of 15 U.S.C. § 1125.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's actions constitute unfair competition under N.J.S.A. 56:4-1 *et seq.*

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the Doctrine of *Res Judicata.*

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or part by the Doctrine of Judicial Estoppel.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or part by the Doctrine of Collateral Estoppel.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is defective because it does not comply with Federal Rule of Civil Procedure 9.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's Complaint is defective because it does not comply with Local Civil Rule 201.1.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's Complaint is defective because it does not comply with Local Civil Rule 11.2.

### TWENTIETH SEPARATE DEFENSE

Plaintiff has no standing to bring the claims contained in the Complaint.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff's actions constitute unfair competition under the meaning of 15 U.S.C. § 1125(a).

### TWENTY-SECOND SEPARATE DEFENSE

Plaintiff's actions violate 15 U.S.C. § 1125(d)(1)(a).

### COUNTERCLAIMS

Defendant and Counterclaimant, Supply Guys, Inc. ("SUPPLY GUYS"), by its attorneys, for its Counterclaims against Bergen County Ribbon Xchange, LLC, d/b/a The Supplies Guys ("BERGEN"), alleges as follows:

### NATURE OF THE COUNTERCLAIMS

1.    These counterclaims arise out of the BERGEN's infringement of SUPPLY GUYS's trademark "SUPPLY GUYS".  SUPPLY GUYS is an on-line provider of computer related goods.  SUPPLY GUYS owns the federal registration for the trademark "SUPPLY GUYS", and uses this mark in connection with the operation of its on-line retail store located at www.supplyguys.com. SUPPLY GUYS uses this distinctive name that customers recognize and

look for when purchasing computer related goods and equipment via the Internet. BERGEN has willfully and deliberately attempted to utilize SUPPLY GUYS's success and goodwill by copying and imitating its trademark under the name "The Supplies Guys" and the Internet website, www.suppliesguys.com. SUPPLY GUYS has filed this counterclaim to enjoin, and to seek damages due to, BERGEN's unlawful continued use of the confusingly similar name "The Supplies Guys" and its Internet website identified by the domain name www.suppliesguys.com.

## THE PARTIES

2.      SUPPLY GUYS is a Massachusetts corporation with its principal place of business at 226 Russell Street, Hadley Massachusetts.

3.      BERGEN is a New Jersey limited liability company with its principal place of business at 555 Broad Street, Glen Rock, New Jersey. Upon information and belief, BERGEN has also done business as the Supplies Guys and Bergen County Cartridge Xchange.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant 28 U.S.C. § 1331 and § 1338 and 15 U.S.C. § 1125(a) because they arise under the trademark laws of the United States set forth in the Lanham Act, 15 U.S.C. § 1051 et seq. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1338(b) and § 1367 because those claims are related to claims under federal law and under supplemental jurisdiction.

5.      Venue is proper in this District under 28 U.S.C. § 1391.

## SUPPLY GUYS's TRADEMARK RIGHTS

6.      SUPPLY GUYS owns a federal trademark registration for the name "SUPPLY GUYS." The registration for that mark, Registration No. 2,900,959 ("the '959 Registration") was issued by the USPTO to SUPPLY GUYS on November 9, 2004 for goods listed as "computers and

notebook computers; computer accessories and peripherals, namely, blank computer memory cards, blank discs, blank magnetic tapes, motherboards, computer interface boards, central processing units, disc drives, computer memory chips, modems, monitors, mice, mouse pads, power strips, speakers, keyboards, printers, scanners, power supplies, hard drive controllers, cameras, cables, computer terminals, surge protectors, computer network hubs, computer network cards, computer network servers, video tape recorders, video camcorders, compact disc players, computer furniture, sound cards, switches, buffers, routers, and microprocessors," in Int'l. Class 9." See Exhibit B to the Complaint.

7.    As noted in the '959 Registration, SUPPLY GUYS used the "SUPPLY GUYS" mark at least as early as July 29, 1998 and used the mark in interstate commerce at least as early as August 24, 1998.

8.    SUPPLY GUYS has used and continues to use the mark "SUPPLY GUYS" on goods listed in the '959 Registration.  SUPPLY GUYS has used and continues to use the mark "SUPPLY GUYS" on goods such as business machine supplies, toners, printer consumables and various other items.

9.    As a result of such longstanding use, SUPPLY GUYS has acquired common law trademark rights as well as federal statutory rights in the "SUPPLY GUYS" mark.

**HISTORY OF BERGEN'S INFRINGEMENT OF SUPPLY GUYS'S TRADEMARK**

10.    On September 17, 1998, SUPPLY GUYS filed the Application for Registration ("Application"), serial number 75/554,425, with the USPTO for the mark "SUPPLY GUYS" for goods listed as "computers, computer accessories and supplies."    See Exhibit A to the Complaint.

11.    Prior to filing the Application, SUPPLY GUYS performed a search to determine whether the mark "SUPPLY GUYS" was available for use in connection with sale of computers, computer accessories and supplies.  Mr. Zuckerman signed a declaration in the Application, dated September 11, 1998 that to the best of his knowledge and belief the mark "SUPPLY GUYS" was not in use, either in its identical form or near resemblance, at the time of the Application filing. See Exhibit A to the Complaint.

12.    SUPPLY GUYS used the "SUPPLY GUYS" mark at least as early as July 29, 1998

13.    SUPPLY GUYS used the "SUPPLY GUYS" mark in interstate commerce  at least as early as August 24, 1998.

14.    On March 26, 1999, shortly after learning that BERGEN's alleged predecessor had adopted the confusingly similar mark "SUPPLIES GUYS" ("the Infringing Mark"), SUPPLY GUYS's then-counsel wrote to BERGEN's alleged predecessor, The Supplies Guys, Inc. located in San Jose California (hereinafter "SGI").  SUPPLY GUYS's counsel stated that continued use of the Infringing Mark was a violation of trademark laws and Section 43(a) of the Lanham Act and demanded that SGI promptly discontinue use of this name.  A true and correct copy of the March 26, 1999 letter is attached hereto as Exhibit B.

15.    SUPPLY GUYS did not learn of the existence of the infringing domain name www.suppliesguys.com until on or about February or March of 1999 when it attempted to register a variant of its domain name www.supplyguys.com, namely www.supplyguys.net. Attached hereto as Exhibit A is a true and correct copy of an excerpt from Applicant's Response to Opposer's First Set of Interrogatories, dated July 16, 2003.

16.     Counsel for SGI responded on April 19, 1999. SGI's counsel stated that SGI was founded in 1997 and commenced doing business shortly thereafter. He also represented that SGI had the domain name, www.suppliesguys.com since 1997. SGI provided no support for its allegations, except for two check stubs from Silicon Graphics, dated January 5, 1998 and May 23, 1998. A true and correct copy of the April 19, 1999 letter is attached hereto as Exhibit C.

17.     Contrary to SGI's counsel's representations that the website www.suppliesguys.com had been operational since 1997, a search performed for this domain name shows the website www.suppliesguys.com did not exist prior to April 20, 1999. Attached hereto as Exhibit D is a true and correct copy of the search performed for the domain name, www.suppliesguys.com.

18.     Additionally, the domain name, "www.suppliesguys.com" was not registered until January 11, 1999. Attached hereto as Exhibit E is a true and correct copy of the printout of the Whois database search from September 27, 2005 for "www.suppliesguys.com".

19.     SGI did not make any use of, or demonstrable preparations to use, the domain name "www.suppliesguys.com", related to a bona fide offer of sale of goods or services before it was put on notice by SUPPLY GUYS on March 26, 1999.

20.     SGI was not incorporated as the "Supplies Guys, Inc." until 1999. Attached hereto as Exhibit F, is a true and correct copy of the Dun & Bradstreet Business Information Report, dated January 20, 2000 and Comprehensive Report, dated July 16, 2003.

21.     Instead, only after SGI was placed on notice by SUPPLY GUYS, SGI defiantly adopted the Infringing Mark, a mark confusingly similar to "SUPPLY GUYS", and began selling similar computer related products, namely printers and printer supplies via the Internet.

22.     On May 19, 1999, SGI filed a Trademark Application, serial number 75/690346 ("'346 Application") with the USPTO in an attempt to register the Infringing Mark for various services

listed as "sales of printers, computers and related accessories by way of telephone, Internet and facsimily(sic)." Attached as Exhibit G is a true and correct copy of the file history in the USPTO of the '346 Application.

23.     On November 11, 1999, the USPTO notified SGI that because of the potential likelihood of confusion between the Infringing Mark in the '346 Application and the mark "SUPPLY GUYS", if SUPPLY GUYS's first-filed Application matured into a registration, the USPTO "may refuse registration under Section 2(d)." See Exhibit G.

24.     In spite of the USPTO's notification that the '346 Application was subject to rejection if the first-filed Application was approved, SGI failed to provide any additional basis for its bare assertion that its use of the mark predated the Application by over one year. See Exhibit G.

25.     Rather, on December 6, 1999, SGI filed a Notice of Opposition to SUPPLY GUYS's first-filed Application, and Opposition No. 116,195 ("the Opposition") commenced thereafter in the USPTO. The basis for SGI's Opposition was that it had allegedly "created a unique association between the Trade Name and Products and Services originating from Plaintiff in the marketplace and general public" as early as June 30, 1997. The only alleged support for its claim that SGI provided were checks from Silicon Graphics, Inc., dated January 5, 1998 and May 23, 1998, and a Statement from UltraHUE, Inc. dated August 1, 1998. A true and exact copy of the December 6, 1999 Notice of Opposition is attached hereto as Exhibit H.

26.     Upon information and belief, in or about 2002, Bergen County Cartridge Exchange, Inc., purchased certain assets of SGI. Although after SUPPLY GUYS learned of this transaction, SUPPLY GUYS's counsel placed BERGEN and its counsel on notice of the pending Application and Opposition, BERGEN took the position that it was not a party to the Opposition, nor in privity with SGI. BERGEN still maintained, however, that it was the senior user of the

Infringing Mark.  Attached hereto as Exhibit I is a true and correct copy of the July 31, 2003 letter from Heather A. McDonald, Esq. to Leslie Meyer-Leon, Esq.

27.     Upon information and belief, BERGEN has control over the Infringing Mark and the website, www.suppliesguys.com.

28.     Thereafter, neither SGI nor BERGEN provided any evidence or continued to prosecute the Opposition.  Upon information and belief, the current owner of the '346 Application is still SGI, which, upon information and belief, ceased doing business in or about March 2002. Attached hereto as Exhibit J is a true and correct copy of the search of the status of Supplies Guys, Inc. on the California Secretary of State's Office Internet website.

29.     On March 16, 2004, SUPPLY GUYS filed a motion to dismiss the Opposition under 37 C.F.R. § 2.132 for SGI's failure to prosecute the Opposition.  A true and correct copy of the March 16, 2004 Motion to Dismiss is attached hereto as Exhibit K.

30.     The USPTO granted SUPPLY GUYS's Motion to Dismiss and dismissed the Opposition with prejudice on August 5, 2004.  A true and correct copy of the August 4, 2004 USPTO decision is attached hereto as Exhibit L.

31.     Subsequently, on November 9, 2004, the USPTO issued the '959 Registration for the trademark "SUPPLY GUYS".  See Exhibit B to the Complaint.

32.     Although SUPPLY GUYS has notified BERGEN that it owns rights in the mark "SUPPLY GUYS", BERGEN has refused to stop using the Infringing Mark and continues to operate and sell printers and printer related products on www.suppliesguys.com.  A true and correct copy of the August 23, 2005 and September 15, 2005 correspondence between the Parties is attached hereto as Exhibits M and N respectively.

33.     On September 30, 2005, the USPTO issued a report that the Infringing Mark is likely to cause confusion.  The September 30, 2005 Office Action refused registration because Infringing Mark, when used in connection with the identified goods – computer related goods such as printers and printer supplies – "so resembles the mark in U.S. Registration No. 2900959 as to be likely to cause confusion, to cause mistake, or to deceive." A true and correct copy of the September 30, 2005 USPTO Office Action is attached hereto as Exhibit O.

34.     In fact, there have been numerous instances of actual confusion by the buying public have occurred and continue to occur as to the source of goods/services as between SUPPLY GUYS and BERGEN.  For example, on four separate occasions, an employee of SUPPLY GUYS received email inquiries regarding printer products that each person believed they had purchased from SUPPLY GUYS, when in reality these products were purchased from BERGEN. A true and correct copy of emails from the buying public evidencing actual confusion is attached hereto as Exhibit P.

35.     In spite of notice of the '959 Registration of the "SUPPLY GUYS" mark and numerous notices for the mark "SUPPLY GUYS" since March 26, 1999, SGI and now its successor, BERGEN have willfully and in bad faith, continued to sell computer related products, such as printers and printer supplies, under the confusingly similar term "SUPPLIES GUYS" and on the Internet website www.suppliesguys.com.

36.     Further, when a search is performed on www.google.com for "SUPPLY GUYS," returned first is the website "www.suppliesguys.com" and returned second is the website "www.supplyguys.com."  Both of these websites are "sponsored sites."  Also, when a search is performed on www.google.com for "SUPPLIES GUYS," returned first is the website "www.suppliesguys.com," which again is a sponsored site, while www.supplyguys.com is not

returned.  This is additional evidence of the mark "SUPPLY GUYS" being used by BERGEN in a confusingly similar manner.

<div align="center">

### COUNTERCLAIM COUNT I
### (Federal Trademark Infringement, 15 U.S.C. § 1114(a))

</div>

37.    SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

38.    SUPPLY GUYS has used the "SUPPLY GUYS" mark in interstate commerce since 1998.  Such use has been continuous, uninterrupted and precedes both BERGEN's use and its predecessor's (SGI's) alleged use of the Infringing Mark.

39.    SUPPLY GUYS owns the '959 Registration for the "SUPPLY GUYS" trademark.

40.    BERGEN has infringed the federally registered "SUPPLY GUYS" mark by, *inter alia*, using the Infringing Mark with the sale, offering for sale and advertising, of goods such as printers and printer based products via the Internet on the domain name www.suppliesguys.com.

40.    BERGEN has infringed SUPPLY GUYS's trademarks within the meaning of 15 U.S.C. § 1114(a).  BERGEN's defiant use of the Infringing Mark has not been authorized by SUPPLY GUYS.  Such use not only is likely to cause confusion, to cause mistake, or to deceive, but has indeed caused actual confusion, mistake and deception in the minds of the consuming public. Additionally, such use misappropriates the extensive and longstanding goodwill built up by SUPPLY GUYS.

41.    BERGEN's acts of trademark infringement and unfair competition have been committed with the intent to cause confusion, mistake or to deceive, and have caused actual confusion, mistake and deception,  and were otherwise deliberate, knowing, willful, and/or in bad faith.

42.    BERGEN's acts of trademark infringement and unfair competition have damaged and are likely to continue to damage SUPPLY GUYS's business, reputation and goodwill.

## COUNTERCLAIM COUNT II

### (Federal Unfair Competition, 15 U.S.C. § 1125(a))

43.   SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

44.   BERGEN has been using, without authorization, the Infringing Mark in the sale, offering for sale and advertising, of its goods such as printers and printer based products via the Internet on the domain name, www.suppliesguys.com.  By using a name and website that are confusingly similar to that of SUPPLY GUYS, BERGEN has created not only a likelihood of confusion but also created actual confusion in the marketplace for the relevant goods.

45.   By identifying its products and/or services and its website by a name confusingly similar to the "SUPPLY GUYS" mark, BERGEN's defiant acts constitute false designations of origin and false or misleading descriptions or representations of fact, which are likely to cause (and which have caused) confusion, mistake, or deception as to the affiliation, connection, or association of BERGEN with SUPPLY GUYS, or as to the origin, sponsorship, or approval of BERGEN'S goods/services and website by SUPPLY GUYS, in violation of SUPPLY GUYS registered and common law rights pursuant to 15 U.S.C. § 1125(a)(1)(A).

### COUNTERCLAIM COUNT III
### (Federal Cybersquatting, 15 U.S.C. § 1125(d)(1)(A))

48.   SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

49.     The domain name www.suppliesguys.com was not registered by SGI until January 11, 1999, which is after SUPPLY GUYS made first use of its mark "SUPPLY GUYS" on July 29, 1998.  Thus, through use of its mark "SUPPLY GUYS," that mark was distinctive at the time SGI registered its domain name www.wuppliesguys.com.

50.     Also, because it was only after SGI was placed on notice in March 1999 by SUPPLY GUYS SGI defiantly and adopted the Infringing Mark ("The Supplies Guys") and began selling similar products as those of SUPPLY GUYS, SGI had a bad faith intent to profit from the "SUPPLY GUYS" mark.

51.     As a result, BERGEN is in violation of 15 U.S.C. § 1125(d)(1)(A).

<div align="center">

**COUNTERCLAIM COUNT IV**
**(Unfair Competition – N.J.S.A. 56:4-1)**

</div>

52.     SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

53.     BERGEN has committed and will continue to commit unlawful, unfair and/or fraudulent business acts or practices in violation of N.J.S.A. 56:4-1.  Among other things, BERGEN has infringed and will continue to infringe, upon SUPPLY GUYS's '959 Registration and trademark "SUPPLY GUYS" and has confused and will continue to confuse or mislead the public as to the source, origin, or sponsorship of the website www.suppliesguys.com.

54.     Unless BERGEN is restrained from continuing its unfair, unlawful and misleading practices, SUPPLY GUYS will suffer irreparable injury.

## COUNTERCLAIM COUNT V
### (Unfair Competition – Common Law)

55.    SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

56.    BERGEN, in connection with, inter alia, the sale, offering for sale and advertising of its products through the use of the Infringing Mark, is benefiting from the "SUPPLY GUYS" name and website employed by SUPPLY GUYS to advertise, sell or offer for sale the similar types of products.

57.    BERGEN's use of the Infringing Mark is likely to deceive, or mislead prospective purchasers, and in fact, has caused deception and has mislead purchasers, by causing the mistaken belief that the Infringing Mark and website domain name, is the same as the '959 Registered mark of the "SUPPLY GUYS" and/or that the Infringing Mark is affiliated, sponsored or approved by SUPPLY GUYS.

58.    BERGEN's acts of passing off, alleged herein, have been committed with the intent to cause confusion, mistake and to deceive, and were otherwise deliberate, knowing, willful, and/or in bad faith.

59.    BERGEN's acts of passing off, alleged herein, have damaged or are likely to damage SUPPLY GUYS's business, reputation, or goodwill.

## COUNTERCLAIM COUNT VI
### (Declaratory Judgment)

60.    SUPPLY GUYS repeats and re-alleges the allegations set forth in the preceding paragraphs of the Counterclaims.

61.    As set forth above, there exists between the parties a case of actual and justiciable controversy within this jurisdiction that is ripe for judicial resolution.

62.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, SUPPLY GUYS is entitled to a judgment declaring that BERGEN'S illegal use of the Infringing Mark:

   a.  Violates SUPPLY GUYS registered and common law rights to the "SUPPLY GUYS" mark;

   b.  Violates  15 U.S.C. § 1125(a); and

   c.  Violates 15 U.S.C. § 1114(a).

## PRAYER FOR RELIEF

WHEREFORE SUPPLY GUYS  prays:

1.  That this court enter judgment declaring that BERGEN'S illegal use of the Infringing Mark violates SUPPLY GUYS registered and common law rights to the "SUPPLY GUYS"; violates 15 U.S.C. § 1125(a); and violates 15 U.S.C. § 1114(a);

2.  That this court grant a preliminary and permanent injunction pursuant to the powers granted it under 15 U.S.C. § 1116, enjoining and restraining BERGEN, its agents, servants,  and employees from directly or indirectly using the Infringing Mark, or any other mark, labeling, word or design similar to the '959 Registered mark "SUPPLY GUYS" which is likely to cause confusion, mistake or to deceive;

3.  That this Court pursuant to the powers granted it under 15 U.S.C. § 1118 order that all labels, signs, prints, packages, promotional materials, advertisement and website domain names, in the possession or control of BERGEN bearing the Infringing Design Mark and all plates, molds, and other means of making same shall be delivered up or destroyed;

4.  That this Court pursuant to the powers granted it under 15 U.S.C. § 1118 order that labels, signs, prints, packages, promotional materials, advertisement and website

domain names, in the possession or control of BERGEN bearing the Infringing Mark shall be confiscated, delivered up and destroyed;

5. That BERGEN be required to account to SUPPLY GUYS for any and all profits derived from BERGEN's wrongful acts and that the Court award SUPPLY GUYS the profits made by BERGEN and any damages suffered by SUPPLY GUYS as a result of BERGEN's unlawful conduct in the amount to be proven at trial pursuant to 15 U.S.C. § 1117(a);

6. That the Court award SUPPLY GUYS treble damages and enhanced profits pursuant to 15 U.S.C. § 1117(b);

7. That the Court award SUPPLY GUYS costs of this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a);

8. That the Court order the transfer of the domain name, www.suppliesguys.com, to SUPPLY GUYS, or orders the forfeiture or cancellation of the domain name, www.suppliesguys.com, pursuant to 15 U.S.C. § 1125(d)(1)(C).

9. That the court award SUPPLY GUYS, in the alternative, statutory damages for willfulness pursuant to 15 U.S.C. § 1117(c); and

10. That the Court order such other further relief at it deems just and appropriate.

## JURY DEMAND

The Defendant, SUPPLY GUYS, hereby demands a trial by jury on all issues so triable

pursuant to Federal Rule of Civil Procedure 38.

<div style="margin-left:40%;">

Connell Foley LLP
Attorneys for Defendant/Counterclaimant
Supply Guys, Inc.


By:_____
      Brendan Judge

</div>

Date:   December 1, 2005

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that both plaintiff and SUPPLY GUYS seek injunctive relief.

<div align="right">
_____<br>
Brendan Judge
</div>

Dated: December 1, 2005

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that this matter is the subject to a proceeding before the World Intellectual Property Organization ("WIPO") Arbitration and Mediation Center captioned as Supply *Guys, Inc. v. Bergen County Ribbon Xchange, LLC d/b/a The Supplies Guys*, filed on October 28, 2005.

<div align="right">
_____<br>
Brendan Judge
</div>

Dated: December 1, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer, Affirmative Defenses and Counterclaims was served on December 1, 2005 in accordance with Local Rule 5.2 and the electronic filing procedures of the District Court of New Jersey.

I further certify that I forwarded a courtesy copy of the Answer and Counterclaims to the Honorable Katharine S. Hayden, U.S.D.J. and Honorable Patty Shwartz, U.S.M.J. by Federal Express and to the following counsel via Electronic Filing and Federal Express:

John F. Whiteaker, Esq.
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

_____
Agnes Antonian

Dated: December 1, 2005