John F. Whitteaker, Esq.
**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
Attorneys for Plaintiff

| | |
|---|---|
| BERGEN COUNTY RIBBON XCHANGE, LLC, d/b/a THE SUPPLIES GUYS,<br><br>Plaintiff,<br><br>v.<br><br>SUPPLY GUYS, INC.,<br><br>Defendant. | UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY<br><br>Docket No. 05-4870<br><br>Civil Action<br><br>**REPLY TO COUNTERCLAIM** |

Plaintiff Bergen County Ribbon Xchange, LLC d/b/a The Supplies Guys ("TSG"), for its Reply to Defendant Supply Guys, Inc.'s ("SG") Counterclaim, states as follows:

## NATURE OF THE COUNTERCLAIMS

1.   TSG admits that SG is an on-line provider of computer related goods. TSG admits that SG owns the federal registration for the trademark "SUPPLY GUYS," but denies that SG owns the mark that is the subject of the Registration. TSG admits that SG uses this mark in connection with the operation of its on-line retail store located at www.supplyguys.com. TSG lacks sufficient information to admit or deny whether SG's customers "recognize and look for [the SUPPLY GUYS name] when purchasing computer related goods and equipment via the Internet." TSG denies the remaining allegations in paragraph 1.

## THE PARTIES

2. Upon information and belief, TSG admits the allegations in paragraph 2.

3. TSG admits the allegations in paragraph 3.

## JURISDICTION AND VENUE

4. TSG admits the allegations in paragraph 4.

5. TSG admits the allegations in paragraph 5.

## SUPPLY GUYS' TRADEMARK RIGHTS

6. TSG admits the allegations in paragraph 6, but denies that SG owns the mark that is the subject of the Registration.

7. TSG states that the referenced document speaks for itself.

8. TSG admits that SG uses the mark "SUPPLY GUYS" on its Internet website and currently lists some products thereon which are included among the goods identified in the Registration. TSG lacks sufficient information to admit or deny the remaining allegations in paragraph 8.

9. The allegations in paragraph 9 call for a legal conclusion, and therefore, TSG denies the allegations in paragraph 9.

10. TSG admits the allegations in paragraph 10. TSG states that the referenced Application was filed on an intent-to-use and not an actual use basis.

11. TSG admits that Brian Zuckerman signed a declaration dated September 11, 1998, in connection with SG's Application for Registration. TSG states that the referenced declaration of Mr. Zuckerman speaks for itself. TSG lacks sufficient information to admit or deny the remaining allegations in paragraph 11.

12. TSG lacks sufficient information to admit or deny the allegations in paragraph 12. TSG also refers SG to TSG's response to the allegations contained in paragraph 7 above.

13. TSG lacks sufficient information to admit or deny the allegations in paragraph 13. TSG also refers SG to TSG's response to the allegations contained in paragraph 7 above.

14. TSG states that the referenced document speaks for itself. TSG denies the remaining allegations in paragraph 14.

15. TSG lacks sufficient information to admit or deny the allegations in paragraph 15.

16. TSG states that the referenced document speaks for itself. TSG denies the remaining allegations in paragraph 16.

17. TSG states the referenced document speaks for itself.

18. TSG states that the referenced document speaks for itself. Based upon information, including its predecessor's attorneys' written statement, TSG has formed a belief that its predecessor-in-title had a domain name in 1997.

19. TSG denies the allegations in paragraph 19.

20. TSG admits that Supplies Guys, Inc. was incorporated in 1999. TSG states that the referenced document speaks for itself.

21. TSG denies the allegations in paragraph 21.

22. TSG admits that on May 19, 1999, SGI filed a service mark application serial number 75/690346 with the USPTO. TSG states that the referenced document speaks for itself. TSG denies the remaining allegations in paragraph 22.

23.     TSG states that the referenced document speaks for itself.

24.     TSG denies the allegations in paragraph 24.

25.     TSG admits that on December 6, 1999, SGI filed a Notice of Opposition to SG's Application.  TSG states that the referenced document speaks for itself.  TSG denies the remaining allegations in paragraph 25.

26.     TSG admits that in or around 2002, TSG purchased certain assets of SGI.  TSG states that the referenced document speaks for itself.  TSG denies the remaining allegations in paragraph 26.

27.     TSG admits that it uses the trade name and service mark "The Supplies Guys" and the website www.suppliesguys.com.  TSG denies the remaining allegations in paragraph 27.

28.     TSG admits that SGI ceased doing business in or around 2002.  TSG admits that neither SGI nor TSG prosecuted the opposition thereafter. TSG denies the remaining allegations in paragraph 28.

29.     TSG admits the allegations in paragraph 29.

30.     TSG admits the allegations in paragraph 30.

31.     TSG admits the allegations in paragraph 31.

32.     TSG admits that it has refused to cease using the "The Supplies Guys" mark and continues to provide on-line retail store services in the field of cartridges, inks, toners and similar consumables on the website www.suppliesguys.com.  TSG states that each of the referenced documents speaks for themselves.  TSG denies the remaining allegations in paragraph 32.

33.     TSG states that the referenced document speaks for itself.

34. TSG admits that SG has admitted that its use of the "SUPPLY GUYS" mark for encroaching goods has caused actual confusion with TSG's prior "The Supplies Guys" trade name and service mark. TSG states that the referenced documents speak for themselves. TSG lacks sufficient information to admit or deny the remaining allegations in paragraph 34.

35. TSG admits that it provides an Internet website at www.suppliesguys.com, through which it provides on-line retail store services in the field of cartridges, inks, toners and similar consumable items for computer printers, copiers and fax machines using the service mark, "The Supplies Guys." TSG denies the remaining allegations in paragraph 35.

36. TSG denies that the allegations in paragraph 36 are "additional evidence of the mark "SUPPLY GUYS" being used by Bergen in a confusingly similar manner." TSG lacks sufficient information to admit or deny the remaining allegations in paragraph 36.

## COUNTERCLAIM COUNT I

37. TSG repeats its answers to paragraphs 1 through 36 above as if set forth at length herein.

38. TSG denies that SG's use of "SUPPLY GUYS" preceded TSG's use of "The Supplies Guys." TSG lacks sufficient information to admit or deny the remaining allegations in paragraph 38.

39. TSG admits the allegations in paragraph 39, but denies that SG owns the mark that is the subject of the Registration.

40. TSG denies the allegations in paragraph 40.

40. (sic) TSG denies the allegations in paragraph 40.

41. TSG denies the allegations in paragraph 41.

42. TSG denies the allegations in paragraph 42.

## COUNTERCLAIM COUNT II

43. TSG repeats its answers to paragraphs 1 through 42 above as if set forth at length herein.

44. TSG denies the allegations in paragraph 44.

45. TSG denies the allegations in paragraph 45.

## COUNTERCLAIM COUNT III

48. (sic) TSG repeats its answers to paragraphs 1 through 45 above as if set forth at length herein.

49. TSG denies the allegations in paragraph 49.

50. TSG denies the allegations in paragraph 50.

51. TSG denies the allegations in paragraph 51.

## COUNTERCLAIM COUNT IV

52. TSG repeats its answers to paragraphs 1 through 51 above as if set forth at length herein.

53. TSG denies the allegations in paragraph 53.

54. TSG denies the allegations in paragraph 54.

## COUNTERCLAIM COUNT V

55. TSG repeats its answers to paragraphs 1 through 54 above as if set forth at length herein.

56. TSG denies the allegations in paragraph 56.

57. TSG denies the allegations in paragraph 57.

58. TSG denies the allegations in paragraph 58

59. TSG denies the allegations in paragraph 59.

## COUNTERCLAIM COUNT VI

60. TSG repeats its answers to paragraphs 1 through 59 above as if set forth at length herein.

61. TSG admits that there exists between the parties a case of actual and justiciable controversy within this jurisdiction that is ripe for adjudication. TSG denies the remaining allegations in paragraph 61.

62. TSG denies the allegations in paragraph 62.

## SEPARATE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

SG's Counterclaim fails to state a claim upon which relief may be granted and TSG reserves the right to move for dismissal of the Counterclaim on that ground at or before the time of trial.

## SECOND AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by the doctrine of equitable estoppel.

## THIRD AFFIRMATIVE DEFENSE

SG has failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Any injuries, if any, sustained by SG are the result of the acts and/or omissions of persons over whom TSG had no control.

## FIFTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by the doctrines of waiver and laches.

## SEVENTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by its own breaches of federal trademark law.

## EIGHTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by its own violations of New Jersey state law.

## NINTH AFFIRMATIVE DEFENSE

SG'S Counterclaim is barred by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by SG's failure to timely notify TSG of the claims therein.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that SG's claims relate to goods which were not identified to the USPTO in response to inquiries about the scope of SG's goods, such claims are barred by SG's failure to disclose facts and misrepresentations which were material to the resulting registration.

## TWELFTH AFFIRMATIVE DEFENSE

SG's acquiescence in TSG's use of its mark bars SG's claims concerning goods which have been distributed by TSG.

## THIRTEENTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred by TSG's prior use of its trade name.

## FOURTEENTH AFFIRMATIVE DEFENSE

SG's Counterclaim is barred as a result of SG's encroachment into goods which were previously distributed by TSG.

## FIFTEENTH AFFIRMATIVE DEFENSE

SG is estopped from asserting its claims in the Counterclaim due to its conduct in diluting and using the benefit of TSG's mark for goods previously distributed by TSG.

## SIXTEENTH AFFIRMATIVE DEFENSE

SG is barred from relying on any dates of first use prior to the date of filing of its amended application filed in the USPTO.

## SEVENTEENTH AFFIRMATIVE DEFENSE

TSG is entitled to continue to use its mark in connection with distribution services for goods that TSG previously distributed and that SG subsequently began to sell.

## EIGHTEENTH AFFIRMATIVE DEFENSE

SG is barred from using its mark on goods which were previously distributed by TSG using its mark.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that any confusion exists, it is attributable to SG's inequitable and bad faith conduct which bars SG's claims and requires that SG return to the coexistence and status quo before SG's unlawful expansion of goods sold under its mark.

## TWENTIETH AFFIRMATIVE DEFENSE

TSG reserves the right to interpose such other affirmative defenses as additional discovery and investigation shall disclose.

## **DEMAND FOR JURY**

TSG hereby demands a trial by jury on all issues subject to such a trial.

                                              **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                                              Attorneys for Plaintiff

Dated:  December 21, 2005          By:    /s/ John F. Whitteaker
                                                              John F. Whitteaker

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within Reply to Counterclaim was served on December 21, 2005 on the following, by means of the Electronic Case Filing ("ECF") system:

Brendan Judge, Esq.
Connell Foley LLP
85 Livingston Avenue
Roseland, New Jersey 07068

Dated: December 21, 2005            /s/ John F. Whitteaker
                                    John F. Whitteaker